Shauck, C. J.
In so far as the judgment of the circuit court reverses that of the court of common pleas on the ground that it was against the weight of the evidence, it is admitted that it must be affirmed here because this court does not determine the weight of conflicting evidence.
But' the circuit court, applying the view that its reversal of the former judgment upon the weight of the evidence was an adjudication of the *521 company’s right to a verdict and judgment upon that evidence, and that the right so determined should have been enforced by the trial court when the cause was again submitted upon the same evidence, rendered a final judgment in favor of the company dismissing the original petition of the plaintiff. Assuming the correctness of that view respecting the effect of the former judgment of the circuit court, there are two reasons why it should not have been applied in the present case. Both the circuit court and the court of common pleas are courts of record, and it can not be material whether the same or different judges sat in the several trials and reviews which have been had. In any view the record before us is to be regarded as showing all that appeared in the court of common pleas upon the second trial and all that was presented for the consideration of the circuit court when reviewing the judgment. From this record it does appear that all of the evidence which was offered upon the second trial was read to the jury from a bill of exceptions which had been taken upon the former trial, but it does not appear that upon the second trial all the evidence was offered which had been offered upon the former trial. Therefore, having in mind the conclusiveness of the record it does not appear that the former judgment of the circuit ’ court was not influenced by substantial evidence which does not appear in the present record.
It is also clear that the circuit court erred in reversing the judgment of the court of common pleas because it did not give an instruction which the company had not requested. Although this *522 precise question is novel, the reasons involved do not seem to justify a distinction between cases in which a party is entitled to a directed verdict, whether because of a former adjudication upon the weight of the evidence offered, or because of the failure of his adversary to adduce evidence in support of a material allegation with respect to which, in view of the issues joined, the burden of proof is upon him. In either case the party entitled to the instruction is amenable to the familiar rule that he must request the trial court to give it, since error consists not in the failure, but in the refusal, to give an instruction to which a party is entitled. That instruction being requested in a proper case, its refusal is error which entitles a party to a final judgment in the reviewing court, because otherwise he could not be placed in the position which he would have occupied if the error had not intervened.
The judgment of reversal rendered by the circuit court is affirmed, the final judgment rendered by it in favor of the company is reversed, and the cause is remanded to the court of common pleas for a new trial.

Remanded.

Price, Crew, Summers, Spear and Davis, JJ., concur.